20-1607
Lin v. Garland

BIA
Lurye, IJ
A206 063 897

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

JUNSHENG LIN,
> *Petitioner,*

v.                                                                    20-1607
                                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Lewis G. Hu, Esq., New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Junsheng Lin, a native and citizen of the People's Republic of China, seeks review of a May 11, 2020 decision of the BIA affirming a May 16, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Junsheng Lin*, No. A 206 063 897 (B.I.A. May 11, 2020), *aff'g* No. A 206 063 897 (Immig. Ct. N.Y. City May 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified by the BIA, i.e., without the inconsistency finding that the BIA found to be clearly erroneous. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative

2

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies in the record as to when Lin first attended church meetings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lin testified variously that he first attended church in August, September, and October 2004. When asked to explain a letter asserting that he had first attended in October 2004, Lin testified that he officially joined in October, and that the author of the letter

3

probably remembered incorrectly. The agency was not required to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2018) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The variations in Lin's testimony and supporting documents are significant because, regardless of whether he correctly remembered the date, his testimony was inconsistent about whether he began attending church during his mother's approximately four-month hospitalization, or whether he began attending after she was discharged.

The agency also reasonably found that Lin's testimony was internally inconsistent and inconsistent with documentary evidence regarding his communications with a church friend who wrote a letter in support of his application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although the letter was dated 2016, Lin initially testified that he had not been able to reach the friend since 2013, and that the friend had sent the letter to Lin's mother in 2012 or 2013. The agency was not required to credit Lin's testimony that he was confused and that his mother may have been in contact with the friend later. *See Majidi*, 430 F.3d at 80. The agency may consider the cumulative impact of even minor inconsistencies. *Xiu*

4

*Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (quotation marks omitted)).

The agency also reasonably relied on contradictions between Lin's testimony, documentary evidence, and the testimony of Father Thi regarding Lin's religious practice in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lin's testimony was inconsistent with his confirmation certificate regarding which priest conducted his confirmation; Lin testified that he had seen Father Thi on Monday two days before his hearing when he was one of eight people who participated in a baby's baptism, but Father Thi testified that he had last seen Lin on Sunday and Lin did not participate in the baptism; and Father Thi initially misidentified Lin as Joseph Wang or Wang Thai Shun and implausibly attempted to explain that error by asserting that Lin and Wang sounded similar in Chinese. Father Thi's inconsistent testimony undermines Lin's credibility because Lin claimed that he spoke to Father Thi in his office in addition to regularly attending weekly church services, and he chose to present Father Thi's testimony to corroborate his claims. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that factfinder

may rely on inconsistencies in a witness's statements and between an applicant's statements and other evidence). And such corroboration was necessary in the first place because Lin's testimony had already been called into question by the other inconsistencies. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Finally, the IJ reasonably concluded that the remaining evidence about Lin's particular circumstances in China—a letter from Lin's mother—did not rehabilitate his testimony because it was from an interested party not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision to afford little weight to letter from applicant's spouse in China); *Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "IJ acted within her discretion in according . . . little weight" to letters from applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination").

6

Taken together, the multiple inconsistencies provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. Because Lin's asylum, withholding, and CAT claims all relied on the same factual predicate, that determination was dispositive of all forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court